**In re MAB FOODS, INC.**

No. CV 83–4352.

United States District Court, E.D. New York.

May 13, 1985.

Louis P. Rosenberg, Brooklyn, N.Y., for appellee Shoreview Associates.

Goldstein, Lieberman, Levine & Peltz, New York City, appellant Allen Pilevsky.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a bankruptcy proceeding.

On November 12, 1982 the United States Bankruptcy Court for the Eastern District of New York (Parente, J.) issued a restraining order directing that the debtor and all persons associated with the debtor in the operation of its store comply with the store lease by refraining from operating the store as a restaurant.

On December 25, 1982 this Court adopted Emergency Bankruptcy Rule I.

On February 22, 1983 the Bankruptcy Court, following hearings, issued an order citing the debtor and the debtor's president (Allen Pilevsky) for contempt of the November 12 order, and fining the debtor $200 per day retroactive to January 6, 1983. On July 27, 1983 Bankruptcy Judge Parente signed an order amending the February 22 order by providing that the fine would apply to Pilevsky as well as the debtor. On August 1, 1983 Bankruptcy Rules promulgated by the Supreme Court took effect. On August 3, 1983 the July 27 order was filed in Bankruptcy Court. On August 11, 1983 Bankruptcy Judge Parente signed a document marked "Judgment" awarding the landlord $9,600 from the debtor and Pilevsky. At the same time, Bankruptcy Judge Parente signed a document reading in pertinent part: "I ... certify pursuant to Emergency Rule (e)(2)(A)(ii) that circumstances require that the annexed Order and Judgment signed this date by the undersigned be approved by a District Judge in accordance with Emergency Rule (e)(3)", and further reading: "the Judgment must issue from the U.S. District Court." On August 15, 1983 Pilevsky filed in Bankruptcy Court a "Notice of Appeal to the District Court." On August 24, 1983 District Judge Mishler of this Court signed at the bottom of the "Judgment" with the following notation: "It is hereby ordered that the foregoing conclusions are adopted and that judgment

be entered as recommended by the Bankruptcy Court, and that the judgment creditor have execution therefor." On August 25, 1983 the "Judgment" was filed in this Court. On September 21, 1983 Pilevsky filed in Bankruptcy Court a "Designation of Contents of Record on Appeal and Statement of Issues". On September 28, 1983 the Bankruptcy Court Clerk transmitted the papers in this case to this Court. The case was assigned by random selection to myself, District Judge Wexler.

On July 10, 1984 the President signed into law the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333.

■ Since this Court entered judgment in this case on August 25, 1983 at the direction of Judge Mishler, the Bankruptcy Court Clerk acted improperly in transmitting papers to this Court on September 28, 1983. This Court obviously has no jurisdiction to hear an appeal from its own judgment.

■ It should be noted that this proceeding is one "related to" but not "arising in" bankruptcy. *See In re: Lafayette Radio Electronics Corp.*, 761 F.2d 84, 89 n. 3 (2d Cir. 1985). Consequently, it appears that the Bankruptcy Court lacked power to enter judgment, and that the Bankruptcy Court therefore acted entirely properly in requesting that this Court enter judgment, as this Court did on August 25, 1983 pursuant to Judge Mishler's order. *See Northern Pipeline Const. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

This purported "bankruptcy appeal" is dismissed for lack of jurisdiction. The judgment entered by this court in Misc. 83–0341 on August 25, 1983 pursuant to an order by the Hon. Jacob Mishler, which awarded Shoreview Associates $9,600 from Allen Pilevsky, shall remain in effect. The Clerk shall enter judgment accordingly.

SO ORDERED.